**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristy Joy Bylas, | CV 11-02107-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America, | |
| Defendant. | |

The court has before it defendant's motion to dismiss plaintiff's first amended complaint (the "FAC") (doc. 13), plaintiff's response (doc. 14), and defendant's reply (doc. 16).

**I**

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., we accept well-pleaded facts as true and construe the complaint "in the light most favorable to the plaintiff." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

On September 26, 2008, plaintiff went to the emergency room at the San Carlos Indian Health Service Hospital in San Carlos, Arizona. Dr. Sheite treated plaintiff for a broken bone in her left hand. A splint was placed on her hand, and she was sent home. Two days later, on September 28, 2008, plaintiff returned to the emergency room due to extreme pain in her arm and hand. She was treated by Dr. Pegg. Plaintiff's splint was removed. Her bone had broken through the skin, creating a small puncture wound in her hand. Emergency room staff cleaned and wrapped plaintiff's hand and sent her home. Plaintiff returned to the emergency room in San Carlos on September 29, 2008. She was flown to a Phoenix hospital,

1  where she was diagnosed with a necrotizing infection of her left hand and wrist. Doctors
2  performed multiple surgeries on plaintiff's left hand and arm, including skin grafts and the
3  placement of pins in the joints of her hand. Plaintiff's left hand is scarred and its use is
4  limited.

5  Plaintiff filed an administrative claim pursuant to the Federal Tort Claims Act (FTCA)
6  with the United States Department of Health and Human Services on September 14, 2010.
7  The Department of Health did not act on the claim. Plaintiff filed this action on November
8  18, 2011, asserting that defendant was negligent. Defendant moved to dismiss the complaint
9  in October, 2011 for failure to state a claim. After this action was transferred to our court
10 from the Tucson division, plaintiff responded to the motion to dismiss and filed the FAC
11 (doc. 10). We denied the motion to dismiss on grounds of mootness (doc. 12).

12 Plaintiff's FAC alleges that the emergency room personnel at the San Carlos Indian
13 Health Service Hospital, employees of defendant, were negligent by (1) failing to determine
14 on September 26 and September 28, 2008 that plaintiff's broken bone had punctured the skin,
15 and failing to properly treat her by administering antibiotics and performing an internal
16 fixation of her fracture; (2) failing to identify and treat the infection in the wound on her hand
17 on September 28, 2008; and (3) failing to refer plaintiff to an orthopedic specialist for an
18 immediate and emergency examination and treatment of her hand. Defendant moves to
19 dismiss the FAC for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

**II**

21 The FTCA provides the exclusive remedy for negligence claims against federal
22 employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Under the
23 Act, the United States is liable for the negligence of an employee if a private person would
24 be liable under the law of the place where the negligence occurred. Id. § 1346(b)(1). The
25 United States is not liable, however, for negligence caused by independent contractors.
26 Ducey v. United States, 713 F.2d 504, 516 (9th Cir. 1983).

27 Defendant argues that plaintiff's allegations against unnamed emergency room staff
28 are insufficient to state a medical malpractice claim. We agree that these allegations are the

type of "naked assertion[s]" that do not suffice under Rule 8(a)(2), Fed. R. Civ. P. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007). Plaintiff's claims asserted against unnamed emergency room personnel are dismissed.

The FAC, however, specifically identifies Dr. Sheite and Dr. Pegg as plaintiff's treating doctors. Thus, we examine whether plaintiff has stated a negligence claim against these two individuals. A plaintiff in Arizona must prove two elements to prevail on a medical malpractice claim:

> 1. The health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances.
>
> 2. Such failure was a proximate cause of the injury.

A.R.S. § 12-563. Defendant first argues that plaintiff fails to identify any negligent act or omission. We disagree. Plaintiff alleges that Dr. Sheite treated her on September 26th, and Dr. Pegg treated her on September 28th. It is reasonable to infer that a treating doctor makes treatment decisions and is ultimately responsible for a patient's care. The FAC identifies three separate actions that the plaintiff alleges fell below the standard of care: (1) failing on September 26th (when Dr. Sheite treated her) and September 28th (when Dr. Pegg treated her) to determine that a bone had punctured her skin, failing to give antibiotics, and failing to perform an internal fixation of the fracture; (2) failing on September 28th to recognize that plaintiff's hand was infected; and (3) failing to refer plaintiff to an orthopedic specialist. Viewing these facts in the light most favorable to plaintiff, we conclude that plaintiff has adequately pled that Dr. Sheite and Dr. Pegg were negligent. Defendant argues that it is unclear which standard of care would apply in this case. That is true with respect to the unnamed emergency room staff. Plaintiff, however, specifically identifies Sheite and Pegg as treating <u>doctors</u>, which gives defendant notice as to which standard of care applies. Defendant also complains that it cannot determine from the face of the complaint whether the allegedly negligent staff were federal employees or independent contractors. But the FAC states that employees - not independent contractors - were negligent. On a motion to

dismiss, we must accept this allegation as true.

Next we consider proximate cause. "The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." Robertson v. Sixpence Inns of Am., Inc., 163 Ariz. 539, 546, 789 P.2d 1040, 1047 (1990). If injury would not have resulted "but for" the defendant's conduct, liability attaches even if the conduct was a small contributor to plaintiff's damages. Id. "Plaintiff need only present probable facts from which the causal relationship reasonably may be inferred." Id. Here, plaintiff visited the hospital on September 26th to be treated for a broken left hand. She returned two days later complaining of pain, and was again treated. She was not referred to an orthopedic specialist, and the doctors did not discover that the hand was infected. The next day, she was flown to another hospital and diagnosed with a necrotizing infection in her left hand. In less than a week, plaintiff went from having a broken bone to having a flesh-eating infection that prompted multiple surgeries and caused permanent damage. From these facts, we can reasonably infer a causal relationship between the treatment of Dr. Sheite and Dr. Pegg and plaintiff's resulting injury.

In sum, although plaintiff failed to state a claim against the unidentified "emergency room personnel," plaintiff has stated a claim that Dr. Sheite and Dr. Pegg were negligent in their treatment.

### III

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendant's motion to dismiss (doc. 13). The motion to dismiss claims asserted against unnamed "emergency room personnel" is **GRANTED**. The motion to dismiss claims asserted against Dr. Sheite and Dr. Pegg is **DENIED**.

DATED this 27th day of January, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 4 -